# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INNOVATIVE AUTOMATION LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>SCRIBD, INC.,<br><br>      Defendant. | The Honorable Rodney Gilstrap<br><br>Civil Action No. 2:15-cv-509-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## SCRIBD, INC.'S MOTION TO TRANSFER VENUE

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

STATEMENT OF FACTS .......................................................................................................1

    I.      THIS ACTION ...................................................................................................1

    II.     THE PARTIES ..................................................................................................2

          A.      Plaintiff Innovative Automation LLC ....................................................2

          B.      Defendant Scribd, Inc. ............................................................................2

    III.    RELEVANT THIRD PARTIES .......................................................................3

ARGUMENT ............................................................................................................................4

    I.      This Case Could Have Been Brought In The Northern District Of California ........4

    II.     The Northern District of California Is Clearly More Convenient Than This District .................................................................................................................5

          A.      The Private Interest Factors Favor Transfer to the Northern District of California .............................................................................................5

                1.      Convenience Heavily Favors Transfer Because All Parties and Willing Witnesses Are Located Nearly 2,000 Miles Away From This District ..............................................................................5

                2.      The Relevant Documents Belonging to Both Parties Are Located and More Easily Accessed in California ...........................7

                3.      The Availability of Compulsory Process for Relevant Third-Party Witnesses in the Northern District of California Favors Transfer .........................................................................................9

                4.      No Practical Problems Favor Litigation in This District Compared to the Northern District of California ..........................10

          B.      The Public Interest Factors Also Support Transfer to the Northern District Of California ..........................................................................11

                1.      Transfer Will Not Create Administrative Difficulties in the Northern District of California ......................................................11

    2.  The Interest in Having Local Disputes Decided At Home
      Strongly Favors Transfer to the Northern District of California ...12

    3.  The Familiarity With the Governing Law and Potential
      Conflicts of Law Factors Are Neutral............................................12

CONCLUSION................................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adaptix, Inc. v. HTC Corp.*,
   937 F. Supp. 2d 867 (E.D. Tex. 2013) ..............................................................................11

*Collins v. JC Penney Life Ins. Co.*,
   No. C 01-4069-SI, 2002 WL 505931 (N.D. Cal. Apr. 1, 2002) ..............................................13

*EON Corp. IP Holdings, LLC v. Apple Inc.*,
   135 S. Ct. 1846 (2015) ....................................................................................................14

*GeoTag, Inc. v. Aromatique, Inc.*,
   No. 2:10-cv-570, 2013 U.S. Dist. LEXIS 173481 (E.D. Tex. Jan. 14, 2013) .........................14

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947) ........................................................................................................10

*In re Acer Am. Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010) ........................................................................................10

*In re Apple, Inc.*,
   581 F. App'x 886 (Fed. Cir. 2014) ....................................................................................13

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ..............................................................................9, 11, 12

*In re Morgan Stanley*,
   417 F. App'x 947 (Fed. Cir. 2011) ....................................................................................11

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009) ................................................................................8, 9, 11

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) ..........................................................................................9

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ............................................................................................16

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ........................................................................8, 9, 11, 15

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010) ....................................................................................9, 14

*Innovative Automation, LLC v. Audio Video and Video Labs, Inc.*,
    Civ. A. No. 6:11-CV-234-LED-JDL, 2012 WL 10816848 (E.D. Tex. May 30,
    2012) .......................................................................................................................11, 15, 16

*Optimum Power Solutions LLC v. Apple, Inc.*,
    794 F. Supp. 2d 696 (E.D. Tex. 2011) ...........................................................................10, 13

*Orinda Intellectual Props. USA Holding Grp., Inc. v. Sony Corp.*,
    No. 2:08-CV-323, 2009 WL 3261932 (E.D. Tex. Sept. 29, 2009) ..........................................16

*Sanger Ins. Agency, Inc. v. HUB Int'l, Ltd.*,
    No. 2:13-CV-528, 2014 WL 5389936 (E.D. Tex. Mar. 25, 2014) ..............................10, 13, 16

*Washington v. Trinity Indus., Inc.*,
    No. 2:13-CV-1041-JRG-RSP, 2015 WL 2353056 (E.D. Tex. May 15, 2015)........................15

**STATUTES**

28 U.S.C.
    § 1391(c)(2) .................................................................................................................................8
    § 1400(b) .....................................................................................................................................8
    § 1404(a) ..................................................................................................................................5, 8

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 45(c) .......................................................................................13

Federal Rule of Civil Procedure 45(c)(1)(A) ..............................................................................13

Local Rule CV-5(a)(3) ................................................................................................................18

Local Rule CV-7(h) ....................................................................................................................18

U.S. Patent No. 6,208,612............................................................................................................7, 13

U.S. Patent No. 6,499,106............................................................................................................7, 13

U.S. Patent No. 7,174,362........................................................................................................ *passim*

United States District Court for the Northern District of California, *Model
    Protective Orders*, available at http://www.cand.uscourts.gov/model-
    protective-orders ..............................................................................................................12

## INTRODUCTION

Plaintiff Innovative Automation is incorporated in California and headquartered just down the street from Northern District of California's San Jose courthouse. Defendant Scribd is headquartered in San Francisco, also in the Northern District of California. The employees for both companies are located in Northern California. The accused system was designed there and the patent holder conceived of his alleged invention in Northern California. But rather than bringing this litigation in Northern District of California, where Innovative Automation has previously brought 11 other patent infringement suits, the plaintiff wants the parties and third-party witnesses to travel thousands of miles to a venue with no connection to the operative facts in this case.

This is precisely what 28 U.S.C. § 1404(a) is intended to prevent. None of the private or public interest factors the Court must consider in applying that statute weighs in favor of continuing to litigate this case in the Eastern District of Texas. In the interests of justice and the convenience of the parties and witnesses, this Court should transfer this case to the Northern District of California.

## STATEMENT OF FACTS

**I.     THIS ACTION**

On April 15, 2015, Innovative Automation LLC ("Innovative Automation") filed this lawsuit accusing Scribd, Inc. ("Scribd") of infringing U.S. Patent No. 7,174,362 (the "'362 patent"). (D.I. 1("Complaint")). On June 26, 2015, the Court ordered the present action consolidated for all pretrial issues except venue with 7 other cases brought by Innovative Automation. (D.I. 15.) Two of the consolidated cases have already been voluntarily dismissed with prejudice. (*See* Consolidated Case No. 2:15-CV-00386 D.I. 13, 15.) On July 6, 2015, the Court set a scheduling conference for July 30, 2015. Scribd now seeks to transfer this action to the Northern District of California, where both parties have their principal place of business.

## II. THE PARTIES

### A. PLAINTIFF INNOVATIVE AUTOMATION LLC

Innovative Automation is organized as a limited liability company under the laws of California and it has its principal place of business in San Jose, California. (Complaint ¶ 1.) Innovative Automation has no connection to the Eastern District of Texas other than the lawsuits it files here. The inventor and sole employee of Innovative Automation stated in a declaration that Innovative Automation has never made or sold any products in Texas or any other state. *See* Declaration of Lauren E. Whittemore ("Whittemore Decl."), ¶ 2, Ex. 1 ("Innovative Automation has never made, used, offered to sell, sold, or imported the invention of the '362 Patent").

### B. DEFENDANT SCRIBD, INC.

Scribd is a small company operating in San Francisco, California. *See* Declaration of Tod Harmon in Support of Defendant Scribd, Inc.'s Motion to Transfer Venue ("Harmon Decl.") ¶ 3. In 2013, Scribd launched a platform to provide access to millions of books and documents online (the "Scribd Platform"), which Innovative Automation alleges infringes the '362 patent. (Complaint ¶ 10.) None of Scribd's products or services are directed to any specific states, regions, or districts.

Scribd employs approximately 77 employees who primarily work in the Northern District of California. Harmon Decl. ¶ 4. The employees who developed the Scribd Platform, for example, are based in San Francisco. Harmon Decl. ¶ 7. Scribd expects that some of its employees will testify in this case, and it would be more convenient for these employees to appear in the Northern District of California.

Scribd uses cloud storage services to store its marketing, sales, and financial information relating to the Scribd Platform. Harmon Decl. ¶ 9. These documents are accessible from computers at Scribd's headquarters in San Francisco. *Id.* Any locally-stored electronic documents relevant to this action in Scribd's possession, custody, or control are located in San Francisco. *Id.* Scribd's source code also hosted on cloud storage servers and is maintained and updated from Scribd's

headquarters in San Francisco. *Id.* No employees with knowledge of the Scribd Platform, or any other information relevant to this lawsuit, are located in this District. *Id.* In short, all of Scribd's relevant witnesses and documents are located in the Northern District of California.

### III. RELEVANT THIRD PARTIES

While several third-parties relevant to this lawsuit are located in California, none are located in the Eastern District of Texas. During prosecution, the examiner evaluating the '362 patent noted at least two pieces of prior art, U.S. Patent No. 6,208,612 (the "'612 patent") and U.S. Patent No. 6,499,106 (the "'106 patent"), which are still relevant prior art to the '362 patent. Whittemore Decl. ¶ 10 , Ex. 9. The '612 patent and the '106 patent were both developed in California. Whittemore Decl.¶¶ 8-9, Exs. 7-8. The inventor of the '362 patent also collaborated with Mike Rothstein as part of a venture called Innovative Knowledge for several years before and after the '362 patent issued. Whittemore Decl. ¶ 13, Ex. 12. Mr. Rothstein helped the inventor of the '362 patent "develop[] a variety of software products" that may be relevant to this case as potential prior art. *Id.* Mr. Rothstein also resides in California. Whittemore Decl. ¶ 11, Ex. 10. Finally, the attorneys who prosecuted the '362 patent were located in San Francisco, California when the patent was filed. Whittemore Decl. ¶ 7, Ex. 6.

A number of Scribd's former employees who may have information relevant to the litigation are still located in the San Francisco area. Harmon Decl., ¶ 8. These former employees include four software engineers, a design lead and an iOS developer. *Id.*

Another relevant witness is located near Seattle, Washington, which is considerably closer to California than Texas. The inventor of the '362 patent has indicated that Art Shaposhnikov, who resides in Seattle, is familiar with the development of the '362 patent. *See* Whittemore Decl. ¶ 2, Ex. 1 (indicating that Mr. Shaposhnikov has knowledge of the invention of the '362 patent); Whittemore Decl. ¶ 12, Ex 11 (indicating that Mr. Shaposhnikov resides near

3

Seattle). Mr. Shaposhnikov may possess critical information relating to issues such as conception and reduction to practice, claim scope, and invalidity for the '362 patent.

## ARGUMENT

A court may transfer a civil action to any court in which the action could have originally been brought. 28 U.S.C. § 1404(a). "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from . . . subjecting defendants to venues that are inconvenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) ("*Volkswagen II*"). Once it is established that a case could have been brought elsewhere, courts analyze whether public and private interests relating to the parties involved, the potential witnesses, and the possible venues make transfer to a particular venue "clearly more convenient." *Volkswagen II*, 545 F.3d at 312, 315; *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). "When the movant demonstrates that [a] transferee venue is clearly more convenient . . . the district court should . . . grant the transfer." *Volkswagen II*, 545 F.3d at 315.

## I. THIS CASE COULD HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF CALIFORNIA

This dispute could have been filed in the Northern District for California, where both parties reside. Scribd is subject to personal jurisdiction there because it is headquartered in that district and Section 1391(c) of Title 28 provides that a defendant "resides" in any district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2), *see also* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides."). Nothing prevented Innovative Automation from filing in the Northern District of California. In fact, Innovative Automation has filed at least 10 lawsuits asserting the '362 patent in the Northern District of California. *See* Whittemore Decl. ¶ 6, Ex. 5.

4

## II. THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY MORE CONVENIENT THAN THIS DISTRICT

Because this case could have been brought in the proposed transferee district, the Court should balance private and public interest factors to determine whether that district is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315. Where a party's presence in a venue is "an artifact of litigation," it is subject to even closer scrutiny "to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempts at manipulation." *In re Zimmer Holdings*, *Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010)). Here, the private and public interest factors clearly favor transfer.

### A. The Private Interest Factors Favor Transfer to the Northern District of California

The relevant private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)); *Volkswagen II*, 545 F.3d at 315.

#### 1. Convenience Heavily Favors Transfer Because All Parties and Willing Witnesses Are Located Nearly 2,000 Miles Away From This District

The Federal Circuit has applied the Fifth Circuit's "100-mile" rule in analyzing whether a particular venue is convenient for witnesses in patent cases. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). "[W]hen the distance between an existing venue . . . and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *TS Tech*, 551 F.3d at 1320 (quoting *In re Volkswagen AG,* 371 F.3d 201, 204-05 (5th Cir. 2004) ("*Volkswagen I*")). "The convenience of the witnesses is probably the single most important factor in a transfer analysis."

5

*Sanger Ins. Agency, Inc. v. HUB Int'l, Ltd.*, No. 2:13-CV-528, 2014 WL 5389936, at *2 (E.D. Tex. Mar. 25, 2014) (quoting *Genentech,* 566 F.3d at 1342).

Scribd is headquartered in San Francisco, which is more than 1,800 miles away from the Eastern District of Texas. The Scribd employees who may testify would be forced to travel for hours by plane and car to reach the current venue. *See* Whittemore Decl. ¶ 14, Exs. 13-A; 13-B; 13-C, *see also Optimum Power Solutions LLC v. Apple, Inc.*, 794 F. Supp. 2d 696, 701 (E.D. Tex. 2011) (granting transfer to the Northern District of California after noting, *inter alia*, "the existence or non-existence of direct flights can impact the analysis of travel time") (citing *Volkswagen I*, 371 F.3d at 204 n. 3). Scribd is a small company; it will be highly disruptive if key personnel are forced to spend entire days traveling to and from Marshall. "If all of these witnesses were required to travel to the Eastern District of Texas, the parties would likely incur significant expenses for airfare, meals, and lodging, as well as losses in productivity from time spent away from work." *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010).

Innovative Automation is headquartered in San Jose, California. In fact, Innovative Automation has its principal place of business on the same street as the United States Courthouse in San Jose. Whittemore Decl. ¶ 15, Ex. 14. Its representatives would be required to travel approximately 11 minutes (1.7 miles) from this district to testify if this case is transferred to the Northern District of California and assigned to the San Jose division, but almost 2,000 miles if it is not. *Id.* at ¶ 16. *See also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) ("A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself."). Even if not randomly assigned to the San Jose Division, plaintiff's witnesses would face at most the relatively short drive from San Jose to San Francisco or Oakland.

Scribd is aware of no witness for either party who resides in the Eastern District of Texas or within 100 miles of this Court. Harmon Decl. ¶ 7. "[T]he inventors, patent prosecution attorneys, and the defendants' employees with unique knowledge regarding the accused products reside in or near the transferee venue." *In re Morgan Stanley*, 417 F. App'x 947, 948 (Fed. Cir. 2011). Travel from the district where both parties reside to Marshall would require either (1) a three and a half hour direct flight into Dallas plus a two hour and forty five minute drive in a rental car, or (2) a five and half to seven hour flight with multiple stops into Shreveport plus a forty minute drive in a rental car. Whittemore Decl. ¶ 14, Ex. 13-B, 13-C. Employees and other willing witnesses, who are all located in Northern California, will be forced to bear similar expense. Likewise, Mr. Shaposhnikov, who has been identified by the inventor as a person with knowledge of the '362 patent, would be forced to travel from Seattle, Washington to Marshall. There are no direct flights from Seattle to Marshall, but there are several direct flights from Seattle to San Francisco, Oakland, and San Jose in the Northern District of California. Whittemore Decl. ¶ 14, Exs. 13-D; 13-G. It would be less expensive for Mr. Shaposhnikov to fly to the Northern District of California as well. Whittemore Decl. ¶ 14, Exs. 13-E; 13-F; 13-G. These costs would be avoided if this case were transferred to the Northern District of California. Therefore, this factor weighs strongly in favor of transfer. *See Genentech*, 566 F.3d at 1345; *Nintendo*, 589 F.3d at 1198-99.

### 2. The Relevant Documents Belonging to Both Parties Are Located and More Easily Accessed in California

The relative ease of access to sources of proof located in the Northern District of California favors transfer. *See Volkswagen II*, 545 F.3d at 316, *see also Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013) (holding that when defendants "identif[y] several specific categories of documents" available in the transferee district and "even more evidence available on

7

the west coast [*sic*]" this factor weighs heavily in favor of transfer). Both parties and all their relevant documents are located in the Northern District of California.

Innovative Automation is located in the Northern District of California and "[a]s [a] result, most of its documents will be located there." *Innovative Automation, LLC v. Audio Video and Video Labs, Inc.*, Civ. A. No. 6:11-cv-234 LED-JDL, 2012 WL 10816848, at *5 (E.D. Tex. May 30, 2012). Because Innovative Automation has never made any products or had any employees beyond the inventor, it has "very few documents relating to this litigation in its possession, custody, or control." Whittemore Decl. ¶ 2, Ex. 1. Moreover, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *Genentech*, 566 F.3d at 1345 (citation omitted).

Scribd is also located in the Northern District of California, along with its relevant documents. Scribd uses cloud storage services to store its technical documents, including source code, as well as its financial and marketing documents. Harmon Decl. ¶ 9. Scribd's employees access these documents from computers at Scribd's San Francisco headquarters. *Id.* Scribd's documents will also comprise the majority of documents produced in this case because it is the defendant. "[T]he place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345 (citation omitted).

Finally, this factor favors transfer even though many of these documents are stored electronically. Discovery of Scribd's source code, for example, will almost certainly be subject to a protective order limiting the circumstances under which it may be viewed. *See* United States District Court for the Northern District of California, *Model Protective Orders*, available at http://www.cand.uscourts.gov/model-protective-orders [http://perma.cc/WX8D-6BUJ], *see also Rockstar Consortium US LP v. Google Inc.*, No. 2:13-CV-893, 2014 WL 5831041, at *4 (E.D. Tex. June 19, 2014). These limitations usually require source code to be viewed at a *physical* location. *See Id.* at *4 (noting that the protective order in place permitted only physical access to source code). Scribd has employees to accommodate secure electronic document discovery for confidential

8

information in San Francisco and no employees in Texas. Harmon Decl. ¶ 7. This factor weighs strongly in favor of transfer.

### 3. The Availability of Compulsory Process for Relevant Third-Party Witnesses in the Northern District of California Favors Transfer

A court's subpoena power is limited by Federal Rule of Civil Procedure 45(c), which bars a court from commanding non-party witnesses to travel more than 100 miles from their homes or businesses (unless otherwise allowed by state law). Fed. R. Civ. P. 45(c)(1)(A). "A venue that has 'absolute subpoena power for both deposition and trial' is favored over one that does not." *Sanger*, 2014 WL 5389936, at *3 (quoting *Volkswagen II*, 545 F.3d at 316).

Scribd is aware of no relevant third-party witnesses residing in the Eastern District of Texas. In contrast, a number of relevant third-party witnesses reside in California and thus within the subpoena power of the Northern District of California. *See Collins v. JC Penney Life Ins. Co.*, No. C 01-4069-SI, 2002 WL 505931, at *3-4 (N.D. Cal. Apr. 1, 2002) (noting that the Northern District of California enjoys statewide compulsory process for trial subpoenas). At least six former Scribd employees who may have information relevant to the litigation live in the San Francisco area. Harmon Decl. ¶ 8. The inventors of the '612 patent and the '106 patent, which are both potential prior art to the '362 patent, resided in California when those patents were filed. Whittemore Decl. ¶¶ 8-9, Exs. 7-8. Additionally, Innovative Automation has sued several defendants who reside in the Northern District of California. These actions likely resulted in licenses to the '362 patents as part of settlements in those case and those California companies are likely to have witnesses or documents relevant to damages. *See* Whittemore Decl. ¶¶ 17-21, Exs. 15-19, *see also Optimum*, 794 F. Supp. 2d at 700, 703 (granting motion to transfer to the Northern District of California on basis that, *inter alia*, "[a]t least two other entities in the Northern District of

9

California have licenses to the patent" and therefore "are likely to have witnesses or documents relevant to damages").

These third-party witnesses could be compelled to attend trial in the Northern District of California, but not in the Eastern District of Texas. *See Collins*, 2002 WL 505931, at *3-4, *see also In re Apple, Inc.*, 581 F. App'x 886, 889 n. 1 (Fed. Cir. 2014) (holding that this factor weighed in favor of transfer to the Northern District of California because several witnesses, even those willing to attend trial, resided in California and "the Eastern District of Texas [lacked] authority to compel testimony."), *cert. denied sub nom. EON Corp. IP Holdings, LLC v. Apple Inc.*, 135 S. Ct. 1846 (2015). This factor weighs strongly in favor of transfer.

### 4. No Practical Problems Favor Litigation in This District Compared to the Northern District of California

No practical concerns outweigh the substantial benefits that would result from transferring this case to the Northern District of California. Discovery has not yet commenced, no scheduling order has been entered, and the Court has not yet invested resources learning about the asserted patent or the technology at issue. This case is ripe for transfer.

Innovative Automation may argue that this case should remain in this district along with Innovative Automation's other filed lawsuits, but the plaintiff cannot defeat transfer to a more convenient forum by filing multiple proceedings in a particular district. *GeoTag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-570, 2013 U.S. Dist. LEXIS 173481, at *35 (E.D. Tex. Jan. 14, 2013) ("Allowing a plaintiff to manufacture venue . . . by serially filling [*sic*] cases within a single district . . . undermine[s] the principals underpinning transfer law."). The cases Innovative Automation has filed involve different defendants, different products, and "significantly different discovery, evidence, proceedings, and trial." *Zimmer Holdings,* 609 F.3d at 1382. At least two of the those cases have already settled. Moreover, Innovative Automation has filed 10 cases asserting the '362 patent in the

Northern District of California including one filed just last year. Whittemore Decl. ¶ 6, Ex. 5. This factor weighs in favor of transfer.

### B. THE PUBLIC INTEREST FACTORS ALSO SUPPORT TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

In addition to considering the private interests at stake in transferring a case to another venue, courts consider relevant public interest factors including "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." *Volkswagen II*, 545 F.3d at 315. None of these factors weighs against transfer. The Northern District of California has a greater interest in adjudicating this case; the other public interest factors are either neutral or weigh in favor of transfer.

#### 1. Transfer Will Not Create Administrative Difficulties in the Northern District of California

There are no serious concerns regarding court congestion in the Northern District of California that weigh against transfer. In contrast, this Court has an incredibly active docket. *See Washington v. Trinity Indus., Inc.*, No. 2:13-CV-1041-JRG-RSP, 2015 WL 2353056, at *3 (E.D. Tex. May 15, 2015) ("Since the first of this year there have been well over 500 motions filed with this Court."). The average time to disposition in the Eastern District of Texas, for the twelve month period ending March 31, 2015, was 8.3 months compared with 7.9 months in the Northern District of California. Whittemore Decl. ¶ 5, Ex. 4. This district, on a per judge basis, also saw 25% more cases filed than the Northern District of California for the same period. *Id.* Transfer to the district where both parties reside will preserve judicial resources for parties before this Court and will not place an administrative burden on the transferee venue.

11

### 2. The Interest in Having Local Disputes Decided At Home Strongly Favors Transfer to the Northern District of California

The second public factor examines whether another district has a greater interest in the underlying litigation. The Eastern District of Texas has no particularized interest in the outcome of this case. "[I]t is well settled that the sale of accused products nationwide does not implicate the interests of the Eastern District of Texas any more than the local interests of any other district such as the Northern District of California." *Audio Video and Video Labs*, No. 6:11-CV-234 LED-JDL, 2012 WL 10816848, at *9 (E.D. Tex. May 30, 2012) (citing *Volkswagen II*, 545 F.3d at 318).

In contrast, the Northern District of California has a very strong localized interest in the outcome of this lawsuit. Both parties are headquartered in that district. Scribd's employees and representatives for Innovative Automation "conduct business in that community." *Sanger*, 2014 WL 5389936, at *4 (citation omitted), *see also Audio Video and Video Labs*, 2012 WL 10816848, at *9 (holding that the Northern District of California, not the Eastern District of Texas, had a greater local interest in a similar dispute also filed by Innovative Automation). This factor weighs heavily in favor of transfer.

### 3. The Familiarity With the Governing Law and Potential Conflicts of Law Factors Are Neutral

Courts also consider the familiarity of the transferee forum with the law governing the case as well as potential conflicts of law issues. *See Volkswagen I*, 371 F.3d at 203. Patent infringement actions are governed by federal law and therefore this District and the Northern District of California are equally capable of adjudicating the patent issues in this case. *See Orinda Intellectual Props. USA Holding Grp., Inc. v. Sony Corp.*, No. 2:08-CV-323, 2009 WL 3261932, at *4 (E.D. Tex. Sept. 29, 2009) ("Both the Eastern District of Texas and the Northern District of California are familiar with federal patent law, so this factor is neutral."). Likewise, no conflicts of laws questions exist in this case. This factor is also neutral.

## CONCLUSION

Scribd and Innovative Automation are both headquartered in the Northern District of California. Their respective technologies were developed there. Their employees and representatives reside there. This case should be transferred there as well. Instead, Innovative Automation seeks to litigate this claim thousands of miles away from the courthouse that shares its street address in California. Given the strong weight of the private interest factors in this case, as well as the Northern District of California's substantial interest in adjudicating this case, this Court should transfer the case to the Northern District of California.

Dated:   July 10, 2015                                         Respectfully submitted,


                                                               */s/ Michael J. Sacksteder*
                                                               Michael J. Sacksteder, CSB No. 191605
                                                               (Admitted E.D. Texas)
                                                               msacksteder@fenwick.com
                                                               Lauren E. Whittemore, CSB No. 255432
                                                               (Admitted E.D. Texas)
                                                               lwhittemore@fenwick.com
                                                               FENWICK & WEST LLP
                                                               555 California Street, 12th Floor
                                                               San Francisco, CA  94104
                                                               Telephone:     415.875.2300
                                                               Facsimile:      415.281.1350

                                                               Attorneys for Defendant
                                                               SCRIBD, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 10, 2015.

>                                      */s/ Michael J. Sacksteder*
>                                      Michael J. Sacksteder

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.  The conference required by Local Rule CV-7(h) was conducted on July 10, 2015.  Counsel for Defendant, Michael J. Sacksteder, contacted counsel for Plaintiff, Todd Kennedy, by telephone regarding this motion.  Mr. Kennedy informed Mr. Sacksteder via email that Innovative Automation would oppose this motion.

>                                      */s/ Michael J. Sacksteder*
>                                      Michael J. Sacksteder